TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEITH D. ELLISON (Cal. Bar No. 307070)
Assistant United States Attorney
International Narcotics, Money
 Laundering, and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-6920
     Facsimile: 213-894-0142
     E-mail: keith.ellison2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>MARC CHAVEZ,<br><br>          Defendant. | No. SA CR 21-113-DOC-2<br><br>PLEA AGREEMENT FOR DEFENDANT<br>MARC CHAVEZ |

1.   This constitutes the plea agreement between Marc Chavez ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one through

seventeen of the Information in <u>United States v. Marc Chavez</u>, No. SA CR 21-113-DOC-2, which charge defendant with Conspiracy, in violation of 18 U.S.C. § 371 (count one), and Aiding and Abetting the Receipt of Stolen Government Property, in violation of 18 U.S.C. §§ 641, 2(a) (counts two through seventeen).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. At or before the time of sentencing, make a prejudgment payment by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $133,980 to be applied to satisfy defendant's anticipated criminal debt. Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

i. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The

2

government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

k.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the Information as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

1        d.   At the time of sentencing, provided that defendant

2 demonstrates an acceptance of responsibility for the offenses up to

3 and including the time of sentencing, recommend a two-level reduction

4 in the applicable Sentencing Guidelines offense level, pursuant to

5 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

6 additional one-level reduction if available under that section.

7 <u>NATURE OF THE OFFENSES</u>

8     4.   Defendant understands that for defendant to be guilty of

9 the crime charged in count one, that is, Conspiracy, in violation of

10 Title 18, United States Code, Section 371, the following must be

11 true: (1) beginning no later than in or about January 2015, and

12 ending on or about October 2, 2020, there was an agreement between

13 two or more persons to knowingly and intentionally steal government

14 property and receive stolen government property; (2) defendant became

15 a member of the conspiracy knowing of at least one of its objects and

16 intending to help accomplish it; and (3) one of the members of the

17 conspiracy performed at least one overt act for the purpose of

18 carrying out the conspiracy.

19     5.   Defendant understands that for defendant to be guilty of

20 the crime charged in counts two through seventeen, that is, Aiding

21 and Abetting the Receipt of Stolen Government Property, in violation

22 of Title 18, United States Code, Sections 641 and 2(a), the following

23 must be true: (1) the crime of Receipt of Stolen Government Property

24 was committed by someone; (2) defendant aided, counseled, commanded,

25 induced, or procured that person with respect to at least one element

26 of the crime; (3) defendant acted with the intent to facilitate the

27 commission of the crime; and (4) defendant acted before the crime was

28 completed.

6.   Defendant understands that the elements of Receipt of Stolen Government Property, in violation of Title 18, United States Code, Section 641, are: (1) a person knowingly received property of value; (2) the property belonged to the United States; (3) the person knew that the property had been embezzled, stolen, or converted; (4) the person intended to convert the property to his own use or gain; and (5) the value of the property was more than $1,000.

## PENALTIES AND RESTITUTION

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Sections 641 and 2(a), is: ten years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 165 years' imprisonment; a three-year period of supervised release; a fine of $4,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $1,700.

10.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which

defendant is pleading guilty.  The parties currently believe that the applicable amount of restitution is approximately $132,280, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States

1  citizen, the convictions in this case makes it practically inevitable

2  and a virtual certainty that defendant will be removed or deported

3  from the United States.  Defendant may also be denied United States

4  citizenship and admission to the United States in the future.

5  Defendant understands that while there may be arguments that

6  defendant can raise in immigration proceedings to avoid or delay

7  removal, removal is presumptively mandatory and a virtual certainty

8  in this case.  Defendant further understands that removal and

9  immigration consequences are the subject of a separate proceeding and

10  that no one, including his attorney or the Court, can predict to an

11  absolute certainty the effect of his convictions on his immigration

12  status.  Defendant nevertheless affirms that he wants to plead guilty

13  regardless of any immigration consequences that his pleas may entail,

14  even if the consequence is automatic removal from the United States.

15                          <u>FACTUAL BASIS</u>

16       14.  Defendant admits that defendant is, in fact, guilty of the

17  offenses to which defendant is agreeing to plead guilty.  Defendant

18  and the USAO agree to the statement of facts provided below and agree

19  that this statement of facts is sufficient to support pleas of guilty

20  to the charges described in this agreement and to establish the

21  Sentencing Guidelines factors set forth in paragraph 16 below but is

22  not meant to be a complete recitation of all facts relevant to the

23  underlying criminal conduct or all facts known to either party that

24  relate to that conduct.

25           Beginning no later than in or about January 2015, and
          continuing until on or about October 2, 2020, in Orange
26        County, within the Central District of California, and
          elsewhere, defendant, Sarfraz Yousuf, and others conspired
27        to knowingly steal government property with the
          intent of depriving the government of the use and benefit
28        of the property and to knowingly receive stolen government

property with the intent to convert the property to the co-conspirators' own use and gain.

The objects of the conspiracy were carried out, and to be carried out, as follows: (1) defendant would email mroadvisor@yahoo.com (the "Yousuf Yahoo account") requests for U.S. Air Force Technical Orders ("T.O.s") subject to distribution restrictions in accordance with Title 10, United States Code, Section 130, for resale to customers of defendant's business, LTC Products, Inc.; (2) using his access to the U.S. Air Force's Enhanced Technical Information Management System ("ETIMS"), Sarfraz Yousuf would download the T.O.s requested by defendant; (3) using the alias "Mandy," and knowing that the T.O.s were subject to distribution restrictions, Yousuf would transfer the T.O.s to defendant, through the Yousuf Yahoo account; (4) knowing that the T.O.s were unlawfully obtained and subject to distribution restrictions, defendant would sell the T.O.s to customers of LTC Products, Inc.; (5) using the alias "Mandy," Yousuf would send defendant invoices for the T.O.s through the Yousuf Yahoo account; and (6) defendant would send Yousuf payment for the T.O.s through a PayPal account held in the name of another co-conspirator ("CC-1") (the "Yousuf PayPal account"). In furtherance of the conspiracy, defendant and his co-conspirators committed at least the following acts:

<u>June 2020 Sale of Air Force T.O.s to Chavez</u>

On June 23, 2020, defendant emailed the Yousuf Yahoo account a request for the current revision of T.O. 5A11-2-77-3, which was authorized for distribution to DOD components only. That same day, Yousuf, using the alias "Mandy," emailed defendant the June 2019 revision of T.O. 5A11-2-77-3, knowing the T.O. was subject to a distribution restriction.

On June 30, 2020, defendant emailed the June 2019 revision of T.O. 5A11-2-77-3 to a customer of LTC Products, Inc., knowing the T.O. was subject to a distribution restriction. That same day, defendant emailed the customer an invoice in the amount of $150 for sale of the T.O. Defendant also emailed the T.O. to another customer on August 13, 2020.

On July 1, 2020, Yousuf, using the alias "Mandy," emailed defendant an invoice referencing 34 T.O.s Yousuf sold to defendant in June 2020, including the June 2019 revision of T.O. 5A11-2-77-3, and a total amount due of $2,170. The invoice reflected the T.O. numbers, dates of the sales, and the price charged for each T.O. as follows:

| T.O. Number | DATE | VALUE |
|---|---|---|
| 9H2-4-96-13 MAR 2020 | June 1, 2020 | $70 |
| 15A2-1-143 MAR 2020 | June 2, 2020 | $70 |
| 4SA6-7-3 MAR 2020 | June 2, 2020 | $70 |
| 15A2-4-4-163 MAY 2020 | June 2, 2020 | $70 |
| 15A3-2-11-43 MAY 2020 | June 7, 2020 | $70 |
| 9H2-5-267-3 DEC 2019 | June 9, 2020 | $70 |
| 15A2-2-188-3 DEC 2019 | June 9, 2020 | $70 |
| 4S-1-182 APR 2020 | June 9, 2020 | $70 |
| 15E3-2-39-3 MAY 2020 | June 10, 2020 | $70 |
| 9H2-4-115-3 MAY 2019 | June 16, 2020 | $70 |
| 9H2-4-115-4 FEB 2017 | June 16, 2020 | $40 |
| 33D7-20-55-1 JUN 2013 | June 17, 2020 | $70 |
| 33D7-20-55-2 FEB 2017 | June 17, 2020 | $70 |
| 33D7-20-55-4 MAY 2016 | June 17, 2020 | $40 |
| 5F8-17-19-7 APR 2015 | June 17, 2020 | $70 |
| 5L6-3-65-17 JUL 2019 | June 17, 2020 | $70 |
| 1C-130A-3 DEC 2019 | June 19, 2020 | $70 |
| 1C-130A-23 MAR 2020 | June 19, 2020 | $70 |
| 9H6-3-36-4 APR 2018 | June 19, 2020 | $40 |
| 33DA36-88-1 APR 2017 | June 19, 2020 | $70 |
| 33DA36-88-4 FEB 2017 | June 19, 2020 | $40 |
| 5A9-9-3-3 MAY 2015 | June 22, 2020 | $70 |
| 15A3-2-52-3 APR 2020 | June 23, 2020 | $70 |
| SA11-2-77-3 JUN 2019 | June 23, 2020 | $70 |
| 5P2-2-38-3 JUN 2008 | June 23, 2020 | $70 |
| 8D1-9-50-3 SEP 2019 | June 24, 2020 | $70 |
| 9H8-30-160-3 FEB 2018 | June 24, 2020 | $70 |
| 9H2-4-238-3 MAY 2020 | June 25, 2020 | $70 |
| 9H2-4-238-4 APR 2020 | June 25, 2020 | $40 |
| 9H2-4-240-3 JAN 2020 | June 25, 2020 | $70 |
| 9H2-4-240-4 JUN 2020 | June 25, 2020 | $40 |
| 9H2-4-240-8-1 JAN 2020 | June 25, 2020 | $70 |
| 1SA1-4-3-44 MAY 2020 | June 29, 2020 | $40 |
| 15A2-2-52-83 MAY 2020 | June 30, 2020 | $70 |

Defendant received the T.O.s, which were property of the United States, knowing that the T.O.s were subject to distribution restrictions, that he (defendant) was not a qualified recipient, and that Yousuf had converted the T.O.s for Yousuf's own use, with the intention to further convert the T.O.s for his (defendant's) own use, namely, for further sale to customers of LTC Products, Inc.  On July 7, 2020, defendant transferred $2,170 to the Yousuf PayPal account as payment for the T.O.s.

Through the means described above, defendant sent Yousuf at least $132,280 in exchange for at least 1,875 T.O.s, which he then sold to customers of LTC Products, Inc. for at least $387,456.75.

<u>SENTENCING FACTORS</u>

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

16.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss More than $95,000 | +8 | U.S.S.G. § 2B1.1(b)(1)(E) |
| Receiving Stolen Property | +2 | U.S.S.G. § 2B1.1(b)(4) |
| Misappropriation of a Trade Secret | +2 | U.S.S.G. § 2B1.1(b)(14)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.   The right to persist in a plea of not guilty.

       b.   The right to a speedy and public trial by jury.

       c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

       d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e.   The right to confront and cross-examine witnesses against defendant.

       f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

20.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

<u>WAIVER OF VENUE</u>

21.   Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offenses to which defendant is pleading guilty, to the extent the offenses to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offenses to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offenses to which defendant is pleading guilty.

## WAIVER OF APPEAL OF CONVICTION

22.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 24 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $132,280; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 18 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $132,280.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

25.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding

sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

<u>EFFECTIVE DATE OF AGREEMENT</u>

27.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

28.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

29.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge

that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

30.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

16

31.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

33.   Defendant understands that, except as set forth herein and in any contemporaneous agreement or addendum signed by all parties, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney


_____          July 26, 2021
KEITH D. ELLISON                   Date
Assistant United States Attorney
                                   7-21-2021
_____          _____
MARC CHAVEZ                        Date
Defendant

(signature on next page)           _____
MARK J. WERKSMAN                   Date
Attorney for Defendant
MARC CHAVEZ

18

## NO ADDITIONAL AGREEMENTS

33.   Defendant understands that, except as set forth herein and in any contemporaneous agreement or addendum signed by all parties, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney


_____          _____
KEITH D. ELLISON                         Date
Assistant United States Attorney


_____          _____
MARC CHAVEZ                              Date
Defendant

_____          7/23/2021
MARK J. WERKSMAN                         Date
Attorney for Defendant
MARC CHAVEZ

1                          CERTIFICATION OF DEFENDANT

2          I have read this agreement in its entirety.  I have had enough
3     time to review and consider this agreement, and I have carefully and
4     thoroughly discussed every part of it with my attorney.  I understand
5     the terms of this agreement, and I voluntarily agree to those terms.
6     I have discussed the evidence with my attorney, and my attorney has
7     advised me of my rights, of possible pretrial motions that might be
8     filed, of possible defenses that might be asserted either prior to or
9     at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
10    of relevant Sentencing Guidelines provisions, and of the consequences
11    of entering into this agreement.  No promises, inducements, or
12    representations of any kind have been made to me other than those
13    contained in this agreement or in an agreement signed by all parties
14    or on the record in court.  No one has threatened or forced me in any
15    way to enter into this agreement.  I am satisfied with the
16    representation of my attorney in this matter, and I am pleading
17    guilty because I am guilty of the charges and wish to take advantage
18    of the promises set forth in this agreement, and not for any other
19    reason.

20    _____        ___7-21-2021___
21    MARC CHAVEZ                                     Date
      Defendant

22
23
24
25
26
27
28

                                    19

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2       I am Marc Chavez's attorney.  I have carefully and thoroughly

3  discussed every part of this agreement with my client.  Further, I

4  have fully advised my client of his rights, of possible pretrial

5  motions that might be filed, of possible defenses that might be

6  asserted either prior to or at trial, of the sentencing factors set

7  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement or in an agreement signed by all parties or on the record

12 in court; no one has threatened or forced my client in any way to

13 enter into this agreement; my client's decision to enter into this

14 agreement is informed and voluntary; and the factual basis set forth

15 in this agreement is sufficient to support my client's entry of

16 guilty pleas pursuant to this agreement.

17

18 _____        7|23|2021
   MARK J. WERKSMAN                     Date
   Attorney for Defendant
19 MARC CHAVEZ

20

21

22

23

24

25

26

27

28